IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MILDRED NORDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No: |
| | ) |
| WALGREEN CO., INC. | ) |
| | ) |
| Defendant. | ) |

## REMOVAL PETITION

COMES NOW the Defendant, Walgreen Co., a corporation, incorrectly designated in the Complaint as Walgreen Co., Inc. and files this its Removal Petition pursuant to 28 U.S.C. § 1441(a).

Walgreen Co., a corporation, is a Delaware Corporation with its principal place of business located in Illinois and accordingly is a resident citizen of a state other than the State of Alabama. The Plaintiff is a resident citizen of Madison County, Alabama as alleged in paragraph one of her Complaint. Accordingly, there exists complete diversity of citizenship between the Plaintiff and the Defendant. In support of this Removal Petition, Defendant Walgreen Co. states as follows:

1. This is a civil action where Plaintiff claims that she was an invitee at the Walgreen Co. store located at 274 Sutton Road, Huntsville, Madison County,

Alabama. The action was commenced by Plaintiff filing the Complaint on March 20, 2019 in the Circuit Court of Madison County against Defendant incorrectly designated as Walgreen Co., Inc. That company was served on March 25, 2019 and contemporaneously with the filing of this Removal Petition is answering the Complaint.

2. A true and correct copy of the original Complaint and all other pleadings served upon this Defendant are attached hereto as Exhibit A.

3. This action is being removed within 30 days from the date of service on the only named Defendant.

4. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this court would have original diversity jurisdiction under the provisions 28 U.S.C. § 1332.

5. There exists complete diversity of citizenship between the Plaintiff and the Defendant Walgreen Co., Inc. correctly styled Walgreen Co., a corporation. The Plaintiff is a resident citizen of Madison County, Alabama. The Defendant Walgreen Co. is a Delaware corporation with its principal place of business located in the State of Illinois.

6. While the Complaint does not state a specific amount of damages being claimed, Plaintiff is claiming both compensatory damages and punitive damages. The Complaint reflects that Plaintiff has incurred medical expenses of

no less than $122,509 and Plaintiff is claiming that cost of past medical expenses plus any future medical expenses which might be incurred. Plaintiff has made a settlement demand in the amount of $400,000 reflected by correspondence attached hereto as Exhibit B. Additionally, there is a claim in the Complaint for punitive damages in an unspecified amount which have to be included in determining the amount in controversy.

7. Defendant Walgreen Co. denies that it was guilty of any negligence or any other wrongful conduct that caused or contributed to cause the accident, but it is evident from the amount of the medical expenses incurred and from the settlement demand as presented by the Plaintiff's attorney that if the Plaintiff prevails in her claim that the recovery will exceed the sum of $75,000 exclusive of interest and costs. Case law has indicated that in determining whether or not the jurisdictional amount in controversy is met, that the Court must consider the claim for punitive damages unless it is apparent to a legal certainty that such damages cannot be recovered.

8. This Removal Petition is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days from the date of service on this Defendant.

9. Written notice of filing of this Removal Petition is being sent to the Plaintiff's attorneys, being the only adverse party. A Notice of Removal is being

filed with the Clerk of the Circuit Court of Madison County, Alabama as provided by 28 U.S.C. § 1446(d).

10.     The undersigned has read this Removal Petition and to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry, represents that it is well grounded in fact as well as warranted by existing law.  The undersigned certifies this Removal Petition is not being interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

Done this the 3rd day of April, 2019.

*s/Eric D. Bonner*
Eric D. Bonner
Attorney for Defendant

Clark, Hair & Smith, P.C.
100 Urban Center Drive, Suite 125
Birmingham, Alabama 35242
205-397-2900
205-397-2901 – Fax
Email:  ebonner@chslaw.com

*Attorney for Defendant Walgreen Co.*

**DEFENDANTS DEMANDS TRIAL BY JURY OF ALL ISSUES HEREIN**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 3rd day April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing; and I hereby certify that any non e-filing participants to whom the foregoing is due will have a copy of same placed in the United States mail, first class postage prepaid and properly addressed this same day.

Jeffery W. McKinney
McKinney & Butler, LLC
2204 Whiesburg Drive, Suite 200
P.O. Box 19006
Huntsville, Alabama  35804

                                          *s/Eric Bonner*
                                          Of Counsel