FILED
2019 Apr-03  AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT
# A

US POSTAGE
$10.55
First-Class

Mailed From:35801
03/20/2019
032A 0061861622



CERTIFIED MAIL

7015 3430 0001 1220 4005

McKINNEY BRASWELL & BUTLER LLC
P.O. Box 19006
Huntsville, Alabama 35804

TO:

Walgreens Co., Inc.
c/o Corp. Serv. Co. Inc.
641 South Lawrence Street
Montgomery, AL 36104



# CSC

## Notice of Service of Process

null / ALL
**Transmittal Number: 19555141**
**Date Processed: 03/26/2019**

| | |
|---|---|
| Primary Contact: | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| Entity: | Walgreen Co., Inc.<br>Entity ID Number  0501431 |
| Entity Served: | Walgreens Co., Inc |
| Title of Action: | Mildred Nordman vs. Walgreen Co., Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Madison County Circuit Court, AL |
| Case/Reference No: | 47-CV2019-900574.00 |
| Jurisdiction Served: | Alabama |
| Date Served on CSC: | 03/25/2019 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Jeffery W. McKinney<br>256-536-6307 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2019-900574.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**MILDRED NORDMAN V. WALGREENS CO., INC. C/O CORP SERV. CO, INC**

**NOTICE TO:** WALGREENS CO., INC. C/O CORP. SERV. CO, INC, 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFERY W. MCKINNEY ESQ.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2204 Whitesburg Drive Suite 200, HUNTSVILLE, AL 35801

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MILDRED NORDMAN
pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 3/20/2019 12:33:53 PM | /s/ DEBRA KIZER | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ JEFFERY W. MCKINNEY ESQ.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*     *(Name of County)*

Alabama on _____
*(Date)*

_____      _____      *(Address of Server)*
*(Type of Process Server)*     *(Server's Signature)*      _____

_____      _____
*(Server's Printed Name)*     *(Phone Number of Server)*

DOCUMENT 1

ELECTRONICALLY FILED
3/20/2019 12:33 PM
47-CV-2019-900574.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>47<br><br>Date of Filing:        Judge Code:<br>03/20/2019 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### MILDRED NORDMAN v. WALGREENS CO., INC. C/O CORP SERV. CO, INC

First Plaintiff: ☐ Business  ☑ Individual        First Defendant: ☑ Business  ☐ Individual
                 ☐ Government ☐ Other                          ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**        A ☐ **APPEAL FROM**        O ☐ **OTHER**
                                                **DISTRICT COURT**

        R ☐ **REMANDED**        T ☐ **TRANSFERRED FROM**
                                    **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**        ☐ YES  ☑ NO        Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**        ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
MCK035                3/20/2019 12:33:38 PM                /s/ JEFFERY W. MCKINNEY ESQ.
_____                Date                Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☑ YES ☐ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
3/20/2019 12:33 PM
47-CV-2019-900574.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUN

|  |  |  |
|---|---|---|
| MILDRED NORDMAN, individually; | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 47-CV-2019-____ |
| | ) | |
| WALGREEN CO., INC., a business entity; "FICTITIOUS DEFENDANTS A, B, and C, that or those individuals and/or entities who or which were in possession and/or control of the premises located at 274 Sutton Road, Huntsville, AL 35763, and who or which as the result of negligent actions and/or inactions failed to discover defects in the premises, failed to remedy defects in the premises which were discovered and/or which should have been discovered, and/or failed to warn users or consumers of the defects and/or guard against dangers known to the defendant(s), said negligence which proximately caused and/or contributed to cause the Plaintiff to fall and suffer substantial and serious physical injury; FICTITIOUS DEFENDANTS, D, E and F, that or those individuals and/or entities who or which were in possession and/or control of the premises located at 274 Sutton Road, Huntsville, AL 35763, and who or which as the result of wanton actions and/or inactions failed to discover defects in the premises, failed to remedy defects in the premises which were discovered and/or which should have been discovered, and/or failed to warn users or consumers of the | ) | |

defects and/or guard against dangers )
known to the defendant(s), said )
wanton actions and/or inactions which )
proximately caused and/or contributed )
to cause the Plaintiff to fall and suffer )
substantial and serious physical )
injury; Wherefore, Plaintiff would )
allege that the names and/or )
identities of said Fictitious )
Defendants is/are unknown to the )
Plaintiff and/or if such name and/or )
identity is known to the Plaintiff, the )
identity of said Fictitious party as a )
proper Defendant to this action could )
not be discovered by the Plaintiff via )
due diligence. Plaintiff upon the )
exercise of due diligence will )
seasonably amend the pleadings upon )
making a determination as to the )
proper party/parties in interest )
relative to this matter and amend the )
Complaint in a timely manner. )
)
)
*Defendants.* )

## COMPLAINT

### GENERAL AVERMENTS

1.    The Plaintiff, Mildred Nordman, is a resident of Madison County, Alabama.

2.    The Defendant, Walgreen Co., Inc., is a corporation doing business by agent in the County of Madison, State of Alabama, and operating a retail business located at 274 Sutton Road, Huntsville, AL 35763.

3.    The Walgreen facility and/or the facility under the control of Fictitious Defendants A-F, which is the location of the incident, which is the basis of this Complaint, is located at 274 Sutton Road, Huntsville, Alabama 35763.

4.    On or about March 23, 2017, Mildred Nordman was a customer at the business, known as Walgreens, located at 274 Sutton Road, Huntsville, Alabama.

5.    Nordman would be designated pursuant to Alabama law as a "business invitee" and was upon the premises for the purpose of purchasing items held for sale by the named and/or fictitious defendants.

6.    Plaintiff entered the store facility for the purpose of conducting business and then proceeded to exit the store facility and while proceeding to her vehicle was caused to suffer a fall, resulting in substantial injury, said fall and resultant injury being caused by the condition and/or configuration of the premises.

7.    As a direct and proximate result of the negligence and/or wantonness of the defendants, named and/or fictitious, relative to failure to discover defects in the premises, remedy defects in the premises which were discovered and/or which should have been discovered, and/or to warn or guard against dangers known to the defendant(s), the Plaintiff was caused to fall resulting in substantial and serious physical injury.

8.    As a direct and proximate result of the negligence and/or wantonness of the Defendants, named and/or Fictitious Defendants A-F, the Plaintiff suffered substantial and serious physical injuries.

9.    As a direct and proximate result of the incident which is the basis of the Plaintiff's Complaint, the Plaintiff was required to undergo substantial medical care and treatment.

10.    As a direct and proximate result of the incident and resulting medical treatment, the Plaintiff incurred medical bills of no less than $122,509.42.

11.    As a direct and proximate result of the Defendant's negligence, wantonness and/or other wrongful conduct, the Plaintiff has and/or will suffer the following injuries and/or damages:

    a.    Past and/or future medical bills and/or charges;
    b.    Past and/or future physical pain;
    c.    Past and/or future mental suffering and/or distress;
    d.    Past and/or future loss of enjoyment of life;
    e.    Past and/or future medical costs and expenses;
    f.    Past and/or future permanent physical injury/impairment;
    g.    Past and/or future aggravation of pre-existing problems;
    h.    Past and future limitations in her ability to perform her normal tasks on a daily basis; and
    i.    lost earnings.

## COUNT I – NEGLIGENCE

12.     Plaintiff re-alleges and adopts paragraphs one (1) through eleven (11) and incorporates herein by reference.

13.     The Plaintiff alleges that the Defendants, named and/or fictitious, were negligent in the upkeep, maintenance, markings, inspection, design and/or construction of the store exit, sidewalks and/or parking lot and/or were otherwise negligent.

14.     As a direct and proximate result of the negligence of the named and/or fictitious Defendants, the Plaintiff has been caused to incur the following injuries and damages:

a.     Past and/or future medical bills and/or charges;
b.     Past and/or future physical pain;
c.     Past and/or future mental suffering and/or distress;
d.     Past and/or future loss of enjoyment of life;
e.     Past and/or future medical costs and expenses;
f.     Permanent physical injury/impairment;
g.     Aggravation of pre-existing conditions;
h.     Past and future limitations in her ability to perform her normal tasks on a daily basis; and
i.     Lost earnings.

Wherefore, Plaintiff seeks a judgment against the Defendant(s), named and/or fictitious, for compensatory damages in an amount to be determined by Circuit Court, plus costs and expenses incurred in the prosecution of this action.

## COUNT II – WANTONNESS/RECKLESSNESS

15.     Plaintiff re-alleges and adopts paragraphs one (1) through eleven (11) and incorporates herein by reference.

16.     The Plaintiff alleges that the Defendants, named and/or fictitious, were wanton/reckless in the upkeep, maintenance, markings, inspection, design and/or construction of the store exit, sidewalks and/or parking lot and/or were otherwise wanton.

17.    As a direct and proximate result of the wantonness/recklessness of the named and/or fictitious Defendants, the Plaintiff has been caused to incur the following injuries and damages:

      a.     Past and/or future medical bills and/or charges;
      b.     Past and/or future physical pain;
      c.     Past and/or future mental suffering and/or distress;
      d.     Past and/or future loss of enjoyment of life;
      e.     Past and/or future medical costs and expenses;
      f.     Permanent physical injury/impairment;
      g.     Aggravation of pre-existing conditions;
      h.     Past and future limitations in her ability to perform her normal tasks on a daily basis; and
      i.     Lost earnings.

Wherefore, Plaintiff seeks a judgment against the Defendant(s), named and/or fictitious, for compensatory and punitive damages, in amounts to be determined by Circuit Court, plus costs and expenses incurred in the prosecution of this action.

This the 20th day of March 2019.

Jeffery W. McKinney – MCK035

OF COUNSEL:
McKinney & Butler, LLC
2204 Whitesburg Drive, Suite 200
P.O. Box 19006
Huntsville, Alabama 35804
(256) 536-6307
jeff@personal-injured.com

Service Address:
Walgreen Co., Inc.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

DOCUMENT 3

ELECTRONICALLY FILED
3/20/2019 12:33 PM
47-CV-2019-900574.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUN

| | |
|---|---|
| MILDRED NORDMAN, individually; ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.  CV19-_____ |
| ) | |
| WALGREEN CO., INC., et. al. ) | |
| ) | |
| Defendants. ) | |

## NOTICE TO CIRCUIT COURT CLERK

TO:    Madison County Circuit Clerk
        Madison County Courthouse
        Huntsville, Alabama

Please take notice that the Plaintiff in the above styled cause has served the following discovery documents upon the Defendant, attached to the Complaint:

·Requests for Admissions of Fact to Walgreen Co., Inc.
·Interrogatories to Walgreen Co., Inc.
·Request for Production to Walgreen Co., Inc.

Dated this the 20th day of March 2019.

Jeffery W. McKinney
*Attorney for Plaintiff*

McKinney & Butler, LLC
2204 Whitesburg Drive, Suite 200
P.O. Box 19006
Huntsville, AL  35804
Telephone: (256) 536-6307
Facsimile: (256) 536-6317
jeff@personal-injured.com

DOCUMENT 3

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon the Defendant in this action, by attaching such to the service copy of the Complaint, this the 20th day of March 2019.

Jeffery W. McKinney

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

MILDRED NORDMAN, individually;  )
                                 )
          Plaintiff,          )
                                 )
vs.                            )     CIVIL ACTION NO.  CV19-_____
                                 )
WALGREEN CO., INC., et. al.     )
                                 )
          Defendants.       )

## INTERROGATORIES TO THE DEFENDANT, WALGREEN CO., INC.

1.     State the true and correct legal designation of the corporation, entity or responsible party identified in Plaintiff's Complaint as "Walgreen Co., Inc.", said entity which was operating the Walgreens store located at 274 Sutton Road, Huntsville, Alabama 35763.

2.     State the policies and guidelines of the Defendant relating to safety procedures of the Defendant regarding the maintenance of safe premises at the Walgreens store located at 274 Sutton Road, Huntsville, Alabama 35763.

3.     State the policies and procedures of the Defendant for assisting customers who are injured in slip and fall accidents while outside the Defendant's facility.

4.     State the name, address and position of any and all employees who were working at the Walgreens store, which is the subject matter of this lawsuit, on March 23, 2017, between 7:00 a.m. and 10:30 a.m., said employees who had knowledge of the incident involving the Plaintiff and/or who had contact with the Plaintiff relative to the incident which is the basis of this action.

5.     State the policies and procedures of the Defendant relative to assuring customers that their medical expenses will be paid following an injury upon the Defendant's premises.

6.     Set forth and describe the facts and circumstances of the incident which is the basis of the Plaintiff's Complaint.

7.     State the names, addresses, and telephone numbers of the entity and/or persons responsible for revising or repairing the area where the Plaintiff was injured.

8.     State the efforts of the Defendant to revise the location where the Plaintiff suffered the fall so as to minimize the risk of injury to customers of the facility.

9.     Describe the efforts and/or actions of the Defendant to secure the area where the Plaintiff was injured, immediately after the Plaintiff's fall.

10.     State the name, address and telephone number of the person who, after the incident involving the Plaintiff, advised the Plaintiff that other customers or individuals had suffered falls at this location.

11.     State the procedures, rules, regulations or policies of the Defendant which are designed and/or intended to identify and/or eliminate hazards at the Defendant's facility, and/or prevent injuries at the Defendant's facility.

12.     State the training by the Defendant of its employees, said training which is intended to provide a safe environment for customers, prevent injury to customers, and/or eliminate hazards while at the Defendant's facility, specifically, injuries such as those suffered by the Plaintiff.

13.     State any other injuries or accidents which have occurred within or upon the Defendant's premises, at or near the exterior exit of the store, to include the sidewalks, ramps and parking areas, within the period two (2) years prior to the date of the accident made the basis of the Complaint in this cause.

14.     State any corrective action taken by the Defendant to prevent others from being injured in the same manner as was the Plaintiff in this cause.

15.     Are you the entity in control and responsible for the maintenance of the exterior of the premises, to include the sidewalks, handicapped ramps and parking lot, located at 274 Sutton Road, Huntsville, Alabama.

16.     Who is the owner of the building where Plaintiff's fall or injury occurred? Additionally, indicate the following:

> a. who designed said building, sidewalks, ADA accessible features and parking lot?

      b.  who constructed said building, sidewalks, ADA accessible features and parking lot?

16.  List the name and identity of any and all contractors, construction companies, individuals, proprietorships, partnerships, corporations, or other entities who or which:

      a.      Designed the facility and parking area where Plaintiff was injured;

      b.      Constructed the facility where Plaintiff was injured; and/or

      c.      Was responsible for marking the parking lot and any grade changes in the sidewalk?

17.  Do you have a copy of any and all drawings, plans, and/or designs relative to the construction and/or marking of the parking area and/or sidewalks, if so, please attach hereto. Additionally, attach a copy of any and all building permits obtained and documents indicating any and all inspections and/or final inspections by any governmental entity and/or agency.

18.  Do you have any photographs or video tapes depicting the condition of the parking area, immediately before, at the time of and/or following the incident, which is the basis of the Plaintiff's Complaint? If so, attach said photos and/or videos hereto.

19.  Have you received any complaints relative to the sidewalk, ADA accessible areas or parking area, relative to its construction, design, and/or any recommendations relative to modification of the parking area via any individual, and if so, please list said complaints.

20.  Please list all other accidents and/or incidents which have occurred as a result of individuals falling, tripping, and/or being injured while exiting the store facility and while walking along the sidewalk or transitioning from one level of the sidewalk to another or between the sidewalk and the parking lot, including the names of said individuals, their places of employment, and their residence address, as well as the dates said complaints were received and/or the dates of any and all such accidents and/or injuries.

21.  List the names and addresses of any and all owners of the property upon which the injury suffered by the Plaintiff occurred. Additionally, attach a copy of any and all documents in your possession reflecting such along with a copy of the lease agreement entered into between Walgreens Co., and any other individual or entity.

22.    Set forth the date when you first began occupying the property which is the basis of the Plaintiff's Complaint.

23.    Set forth the approximate date said parking area, curbs or sidewalks were marked (painted) prior to the incident involving the Plaintiff, and any and all modifications to the markings of the sidewalk, curbs or parking area subsequent to the incident involving the Plaintiff.

24.    List and attach copies of any and all documents, rules, regulations, licenses, inspections and/or permits obtained by Walgreen Co. and/or others, relative to the construction of the parking area.

25.    List and attach copies of any and all safety documentation consulted relative to the parking area.

Dated this the 20th day of March 2019.

_____
Jeffery W. McKinney

OF COUNSEL:
McKinney & Butler, LLC
2204 Whitesburg Drive, Suite 200
P.O. Box 19006
Huntsville, Alabama 35804

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Defendant in this action, by attaching such to the service copy of the Complaint, this the 20th day of March 2019.

_____
Jeffery W. McKinney

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

MILDRED NORDMAN, individually;   )
                                  )
          Plaintiff,           )
                                    )
vs.                              )    CIVIL ACTION NO.  CV19-_____
                                    )
WALGREEN CO., INC., et. al.    )
                                    )
          Defendants.       )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO THE DEFENDANT

    COMES NOW the Plaintiff, Mildred Nordman, and requests that the Defendant, Walgreen Co., Inc., produce or permit Plaintiff to inspect and copy each of the following documents:

    1.    Copies of any and all written, recorded or oral statements which relate in any way to the subject matter of this action.

    2.    All photographs, videotapes or motion pictures of the scene of the occurrence alleged in the Complaint, to include the fall suffered by the Plaintiff.

    3.    All contracts or agreements entered into between Defendant and any individual or entity pertaining to maintenance and/or repair of the parking area of the Walgreen Co., Inc., located at 274 Sutton Road, in the City of Huntsville, Madison County, Alabama.

    4.    All inspection reports pertaining to the Walgreen Co., Inc., facility located at 274 Sutton Road, in the City of Huntsville, Madison County, Alabama during the period one year prior to a date one year subsequent to the occurrence alleged in the complaint.

    5.    All documents, records, reports, memoranda and/or correspondence referring in any way to injuries to persons that occurred at the Walgreen Co., Inc., located at 274 Sutton Road, located in the City of Huntsville, Madison County, Alabama in the year prior to, and in the time one year following the occurrence alleged in the complaint, specifically incidents of falls occurring which involved the sidewalk, parking lot or areas immediately adjacent to the customer exit.

6.     Any and all documents that concern or relate to the inspection and/or maintenance of the sidewalks, curbs, ADA accessible sites, and/or parking area of the Walgreens facility located at 274 Sutton Road, in the City of Huntsville, Madison County, State of Alabama. Specifically provide any policies, procedures or other documents in effect in March, 2017, that relate to or concern inspection intervals, actions to be taken in the event accidents involving the curbs, sidewalks, ADA accessible sites or parking area at this facility.

7.     Any and all documents that indicate the date the area where Plaintiff fell was last inspected prior to Plaintiff's fall.

8.     Any and all written complaints received by any party, person, or entity that, in any way, relates to falls, near falls, or slips at the Walgreen Co. facility located at 274 Sutton Road, in the City of Huntsville, Madison County, Alabama in the year prior to and at the time of the occurrence alleged in the complaint, which involved the curbs, sidewalks or parking areas.

9.     Any and all letters of reprimand or documents related to disciplinary action issued to any individual as a result of the accident made the basis of Plaintiff's claim.

10.     Attach a copy of the lease agreement entered into between Walgreens Co. and the lessor of the facility and all attachments to include any and all diagrams and/or photographs.

11.     Attach a copy of any building plans or specifications provided by or on behalf of Walgreens to the owner, developer and/or any other entity or individual establishing the requirements or construction and/or design of the building, along with sidewalks, curbs, parking lot and/or ingress/egress of the structure.

Production may be made at a time and place mutually convenient to the attorneys for the respective parties and compliance may be made by providing copies of the requested documents to counsel for the Plaintiff with the counsel for Plaintiff being responsible for the expense of such copying.

Dated this the 20th day of March 2019.

Jeffery W. McKinney

OF COUNSEL:

McKinney & Butler, LLC
2204 Whitesburg Drive, Suite 200
P.O. Box 19006
Huntsville, Alabama 35804

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Defendant in this action, by attaching such to the service copy of the Complaint, this the 20th day of March 2019.

Jeffery W. McKinney

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

MILDRED NORDMAN, individually;  )
                            )
          Plaintiff,      )
                            )
vs.                       )    CIVIL ACTION NO.  CV19-_____
                            )
WALGREEN CO., INC., et. al.  )
                            )
          Defendants.   )

## REQUEST FOR ADMISSIONS TO WALGREEN'S CO., INC.

      The person responding to this Request for Admissions understands that each matter of which an admission is requested herein is admitted unless within thirty (30) days after service of the Request, or within such shorter or longer time as the Court may allow, the party to whom the Request is directed serves upon the plaintiff a written answer or objection addressed to the matter, signed by the party or by their attorney. If objection is made, the reasons therefore shall be stated, and further, that the answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested Admission, and when good faith requires that a party qualify their answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by his is insufficient to enable his to admit or deny.  A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not on that ground alone object to the Request.

      The individual responding to this Request for Admissions understands that the term "accident" as used within this Request for Admissions means the accident or occurrence referred to in plaintiff's Complaint and made the basis of this suit.

      Comes now the plaintiff in the above styled cause and requests the defendant, Walgreens Co, Inc., to admit the truth of the following facts:

1.     On March 23, 2017, the Plaintiff, Mildred Nordman, was upon the property of Walgreen Co., Inc., located at 274 Sutton Road in Huntsville, Alabama, for the purpose of purchasing items held for sale by the Defendant.

2.     On March 23, 2017, the Plaintiff fell as she was proceeding to leave the Defendant's facility.

3.     On March 23, 2017, Plaintiff was caused to fall as she left the Walgreens facility located at 274 Sutton Road, Huntsville, Alabama.

4.     The Plaintiff was caused to fall due to the lack of coloration changes between the raised concrete structure and the adjacent structures.

5.     The Plaintiff was caused to fall due to the lack of coloration changes between the raised concrete pad and the concrete pad creating a handicapped parking space. The Plaintiff believed that she was proceeding along a flat surface, due to the configuration of the concrete and simply stepped off the concrete curb to another concrete surface without warning or notice of the elevation change.

6.     The store manager, Amy Thompson, indicated to the Plaintiff that this was not the first occurrence of a customer falling upon the premises based upon the failure of Walgreens to provide warning of grade changes near the entry of the store.

7.     Due to the Plaintiff's fall, she has suffered serious injuries, which are permanent in nature.

8.     There were no warning signs indicating the grade changes near the entry of the store.

9.     The Plaintiff has been caused to undergo medical treatment due to the fall which is the basis of this claim.

10.    The basic rules to be followed by a commercial establishment when creating curb ramps and grade changes along the sidewalks or entryways to the store facility are as follows:

> a.  "Curb ramps" increase the potential for fall-related incidents when people approach the ramp from side to side, or perpendicular to the ramp path.

b. The slope of a curb ramp can cause customers to lose balance,

c. The best accepted practice is to outline the sides of the curb ramp with contrasting blue or yellow paint, so as to warn of the elevation change.

d. Colors should identify the elevation change areas - sections of the curb ramp flush with the parking lot will be one color, the beginning of the slope another color.

e. Ramps should be positioned so that the primary sidewalk route past the ramp allows room for pedestrians to walk around the ramp on a level surface.

f. Ramps can be positioned adjacent to support columns or planters to keep pedestrians out of the ramp zone.

g. Where grade changes are more than 6-8 inches under sidewalk height, consideration should be given to installing a permanent barrier, such as a railing, to prevent customers from stepping off the walkway into the grade change.

h. Where no barrier is provided, the Americans with Disabilities Act requires that the sides of the curb ramp be flared with a slope of no more than 1:10.

i. Providing proper warnings to pedestrians of grade changes is good practice for minimizing falls when approaching grade changes.

j. As with any type of grade change, the introduction of a grade change tends to increase the potential for fall incidents compared with a level surface.

k. The ADA requires that grade changes have a **"detectable warning system"** incorporated into the grade change.

l. ADA recommends the use of raised truncated domes that contrast visually with the grade change.

m. Other designs and stamped patterns are also acceptable as warnings and serve to increase the slip resistance of the surface and the pattern brings awareness of the grade change.

n. Relative to grade changes along an access pathway, the slope of the curb surface must not exceed 1:12.

o. Where high traffic areas are present, such as the entrance to a business, it is generally a good practice to remove curbs and curb ramps, and have one long stretch of properly sloping ramp along the entire storefront.

p. Store entrances and exits are a primary area where falls occur in the presence of a curb ramp or curb.

q. When possible, the parking lot to sidewalk transition should be level with no elevation changes at all storefront entrances.

**r.** Ordinary curbs present special hazards to pedestrians, such as stepping off the curb to a different elevation.

**s.** Older persons who might have visual and physical impairments often have the most difficulty negotiating curbs.

**t.** A properly designed curb ramp can alleviate a hazard, especially at medical facilities where there is a high concentration of patients and visitors with physical impairments.

**u.** Curbs should generally be no more than 5-6 inches in height,

**v.** Curbs less than 4 inches in height or greater than 8 inches should be revised, as a curb height that is too low is often tripped over and not seen and curb heights 8 inches or more sometimes can cause falls.

**w.** Excessive curb heights can be reduced by building up the material on the low end, or installing a ramp.

**x.** The curb should contrast the surrounding surface,

**y.** A white curb against freshly surfaced black asphalt provides good color contrast, a white curb against well faded light grey asphalt may not,

**z.** Where the contrast between the curb and adjacent surface is not striking, the curb should be highlighted with a bright contrasting color such as yellow to bring awareness to the change in elevation.

11. Plaintiff and her husband, Joe, stopped at Walgreens on the morning of March 23, 2017, and parked in a parking space along the east side of the store.

12. Plaintiff proceeded to the store entrance, entered the store facility, exited the store and proceeded with an attempt to return to her vehicle.

13. As she proceeded toward the vehicle from the store exit, she was caused to fall and be injured due to the configuration of the concrete outside the store facility.

14. Plaintiff would contend that the fall was caused due to lack of coloration changes, indicating grade changes in the walking surface.

15. Plaintiff was caused to fall as the result of a drastic grade change in the walking surface which was not open and obvious.

16. Plaintiff would contend that the grade changes were concealed based upon the design of the walking surface and parking lot.

17. The failure to delineate the grade changes via painting to warn of surface changes concealed the grade change.

18. From the perspective of a customer, exiting the store facility, the elevation change was not discoverable when viewing the changes from the perspective of the Plaintiff.

19. Plaintiff would contend that a commercial establishment owes a business invitee the duty to maintain its premises in a reasonably safe condition or, in the case of any hidden defect, to warn the customer of the defect so that the customer could avoid the defect by the use of ordinary care.

20. The commercial establishment has no duty to warn a business invitee of any condition that is "open and obvious", one that invitee was aware of or should have been aware of through the use of reasonable care.

21. A condition is "obvious" if the risk is apparent to, and of the kind that would be recognized by, a reasonable person in the position of the invitee.

22. The condition is "known" if the invitee is aware of the existence of the condition and appreciates the danger it involves.

23. The condition which caused or contributed to cause the fall which is the basis of this action was not "open and obvious" and Nordman did not have actual notice of the defect.

24. Defendant had, or should have had notice, of the defect at the time of the accident.

25. An employee of the Walgreens advised the Plaintiff that Walgreens had notice and knowledge of the defects which existed upon the premises, based upon prior falls at the location in question.

26. Immediately following the fall, Mr. Nordman assisted Mrs. Nordman into the vehicle and transported her to Crestwood Medical Center.

27. The Crestwood medical staff reported that the Plaintiff was bleeding from her nose and had suffered an elbow injury.

28. Plaintiff was diagnosed by the Crestwood Medical Center staff, as suffering:

      a. injuries to the head, nose and left elbow,

b. abrasions to the nose and mouth,

c. fracture of radius head,

d. dislocation of distal end of left ulna,

e. fracture of the lateral condyle of the humerus, and

f. comminuted fracture of the radius shaft.

29.  Plaintiff was transported from Crestwood Medical Center to Huntsville Hospital via ambulance pursuant to orders of Dr. Matthew Clayton.

30.  Plaintiff was treated by Dr. John Kaliszak while in the emergency room at Crestwood Medical Center.

31.  On March 23, 2017, Nordman was treated by Dr. Shane O'Neill the emergency room physician at Huntsville Hospital, and Dr. Varun Puducheri was consulted.

32.  The Huntsville Hospital staff noted that Plaintiff suffered bruising around her nose, suffered acute hemorrhage from the nasal cavity, right radial head fracture, impacted fracture and displacement of the articular aspect of the radial head, posterior elbow dislocation with displaced fracture at the base of the radial head and coronoid process of the ulna.

33.  On March 24, 2017, Dr. Allan Maples with The Orthopedic Center (TOC) was consulted, noting the patient had splints on the bilateral upper extremities, and assessed the Plaintiff with displaced right radial head fracture, dislocated left elbow, left coronoid fracture and left radial head fracture dislocation.

34.  Dr. Maples advised the Plaintiff that she would benefit from surgical reduction and stabilization of the left elbow injury, however, he recommended conservative treatment of the right elbow injury.

35.  On March 24, 2017, Plaintiff underwent surgery by Dr. Allan Maples to correct the left elbow dislocation, left coronoid fracture, left radial head fracture and dislocation and left lateral ulnar collateral ligament disruption.

36.  Dr. Maples performed an open reduction of the left elbow dislocation, open reduction and internal fixation of the left coronoid fracture, left radial head replacement and repaired the left lateral ulnar collateral ligament.

37.  The procedures were performed under general anesthesia.

38.  Plaintiff was discharged from Huntsville Hospital on March 25, 2017.

39. On April 13, 2017, Plaintiff presented to Dr. Maples at TOC, who indicated physical examination of the right upper extremity revealed minimal tenderness to palpation about the right elbow, and that the left upper extremity had a well healed surgical incision, limited range of motion, secondary to pain.

40. Dr. Maples indicated he would transition the Plaintiff to an elbow brace, 30 to 130 degrees on the left upper extremity and that he would allow full range of motion of the right upper extremity, however, indicated the Plaintiff would be limited relative to weight bearing on both upper extremities.

41. Plaintiff was ordered to proceed with physical therapy for range of motion and stretching, sutures were removed.

42. On April 18, 2017, Mrs. Nordman presented to Austin Physical Therapy and continued with physical therapy on the following dates:

      a. April 19, 2017,
      b. April 25, 2017,
      c. April 27, 2017,
      d. May 1, 2017,
      e. May 3, 2017,
      f. May 5, 2017,
      g. May 8, 2017,
      h. May 10, 2017,
      i. May 12, 2017,
      j. May 15, 2017,
      k. May 17, 2017,
      l. May 19, 2017,
      m. May 22, 2017,
      n. May 24, 2017,
      o. May 26, 2017,
      p. May 30, 2017, and
      q. June 1, 2017.

43. On April 20, 2017, Mrs. Nordman returned to The Orthopedic Center, four weeks postop, continuing to suffer stiffness in her left hand, pain was controlled and she was attending physical therapy; examination of the right upper extremity revealed full active range of motion, however, examination of the left upper extremity revealed a well healed surgical incision, residual stiffness with flexion of the fingers, weakness of the arm and stiffness and swelling.

44. On May 15, 2017, Mrs. Nordman returned to The Orthopedic Center (TOC), seven to eight weeks postop, indicated her elbows were doing great, had minimal pain in either elbow, motion continued to improve with therapy, however, she continued to have problems with her left hand and wrist, mainly with swelling and stiffness.

45. Dr. Maples, on May 15, 2017, performed a physical exam of the left elbow which revealed active range of motion of roughly 20 degrees of extension to approximately 130 degrees of flexion, full pronation and full supination, the left hand and wrist revealed mild diffuse swelling about the left hand, and significant hand stiffness with flexion, and diagnostic testing revealed a right elbow minimally displaced radial head fracture.

46. As of May 15, 2017, Dr. Maples allowed the patient to bear weight as tolerated with the upper extremities.

47. On June 2, 2017, presented to physical therapy at The Orthopedic Center, and continued physical therapy of the following dates:

      a.     June 7, 2017,
      b.     June 9, 2017,
      c.     June 13, 2017,
      d.     June 16, 2017,
      e.     June 20, 2017,
      f.     June 22, 2017,
      g.     June 27, 2017,
      h.     June 29, 2017,
      i.     July 3, 2017,
      j.     July 6, 2017,
      k.     July 10, 2017,
      l.     July 12, 2017,
      m.     July 18, 2017.
      n.     July 25, 2017,
      o.     August 1, 2017,
      p.     August 3, 2017,
      q.     August 10, 2017,
      r.     August 15, 2017,
      s.     August 17, 2017,
      t.     August 22, 2017,
      u.     August 24, 2017,
      v.     September 7, 2017,

w.   September 21, 2017,
x.   October 6, 2017,
y.   October 20, 2017.

48.  On July 19, 2017, Mrs. Nordman was evaluated by Dr. Maples at TOC, four months post-surgery and was indicated to be doing very well, progressing nicely in therapy and range of motion continued to improve; physical examination of the right upper extremity revealed full active range of motion of the right elbow with limitation of approximately 5 degrees of terminal extension; examination of her left upper extremity revealed a well healed surgical incision, active range of motion to roughly 30 degrees of extension to full flexion, full pronation and full supination, but did have some stiffness with her ring finger and small finger with deep palmar flexion.

49.  On October 18, 2017, Mrs. Nordman returned to Dr. Maples at TOC, seven months postop, doing well overall, but indicating some stiffness in the left elbow and pain in the left shoulder and was unable to sleep on her left side; physical examination of the left upper extremity revealed some limitation of deep flexion of the fourth and fifth fingers, limits of 10-15 degrees of terminal extension.

50.  An x-ray of the left elbow, ordered by Dr. Maples, revealed concentric elbow reduction, and the x-ray of the left shoulder revealed diffuse arthrosis but no obvious fractures or dislocation.

51.  On December 13, 2017, Mrs. Nordman returned to Dr. Maples, was indicated to be doing very well, had minimal pain in the bilateral elbows; physical examination of her left upper extremity revealed she had appropriate range of motion, although she did have some weakness with grip strength of the ulnar two fingers; examination of the right upper extremity revealed she had appropriate range of motion.

52.  On December 13, 2017, Dr. Maples released Mrs. Nordman to return on an "as needed" basis.

53.  As a direct and proximate result of the injuries received on March 23, 2017, while upon the premises of Walgreens, the Plaintiff has incurred the following medical bills and charges:

a.   Crestwood Medical Center
        3/23/2017    $34,276.43
b.   Emergency Medical Associates
        3/23/2017    $1,146.00

c. Radiology of Huntsville
    3/23/2017    $762.25
d. HEMSI Ambulance
    3/23/2017    $368.20
e. Huntsville Hospital
    3/23/2017-
    3/25/2017    $64,374.35
f. ER Physicians Group
    3/24/2017    $897.00
g. Comprehensive Anesthesia
    3/24/2017    $1,087.20
h. The Orthopedic Center (this includes physical therapy)
    3/24/2017-
    12/13/2017   $15,776.14
i. Austin Physical Therapy
    4/18/2017-
    6/1/2017     $3,378.06
j. Lantz Medical Equipment
    4/25/2017    $300.00
k. Prescriptions
    4/20/2017    $10.00
    4/26/2017    $8.16
    5/1/2017     $5.39
    5/7/2017     $8.16
                 $1.22
                 $20.42
l. Dollar General $8.00
    5/17/2017    $68.41
m. K-Mart        $14.03

Total Medical Charges: $122,509.42

Dated this the 20th day of March 2019.

Jeffery W. McKinney

OF COUNSEL:
McKinney & Butler, LLC
2204 Whitesburg Drive, Suite 200
P.O. Box 19006
Huntsville, Alabama 35804

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Defendant in this action, by attaching such to the service copy of the Complaint, this the 20th day of March 2019.

_____
Jeffery W. McKinney